David Eugene SHELTON, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 11, 1972.

Certiorari Denied by Supreme Court
April 3, 1972.

Jimmy Gray Cutshaw and John A. Armstrong, Greeneville, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, Ben K. Wexler, Asst. Dist. Atty. Gen., Greeneville, for defendant in error.

## OPINION

MITCHELL, Judge.

David Eugene Shelton who will be referred to as the defendant or by name represented by his counsel was on September 5, 1970, convicted in the Criminal Court of Greene County, Tennessee of receiving a stolen automobile over the value of $100.-00. The jury fixed the punishment at four (4) years in the penitentiary.

After the motion for a new trial was heard and overruled the Trial Judge Honorable H. C. Smith pronounced judgment upon the defendant for not less than three nor more than four years confinement in the penitentiary.

The defendant prayed and was granted an appeal and was allowed ninety days to file a bill of exceptions.

The trial judge directed a verdict of not guilty as to a co-defendant Joelene Showman and the trial jury returned a verdict of not guilty as to another co-defendant Billy Jackie Showman. Another co-defendant Charles M. Cutshaw at a former term May 22, 1970, pleaded guilty of receiving stolen property of more value than $100.00 and was sentenced to three years in the State Penitentiary.

About November 25, 1969, the 1966 Ford Mustang Automobile Serial No. 6F07T180121 was stolen from Bruce McCloud in Knoxville, Tennessee.

About February, 1970 the defendant sold this 1966 green two-door Mustang automobile Serial No. 6F07T 180 121 to Mr. and Mrs. A. F. Munsey. The defendant had received this automobile from Charles M. Cutshaw, who pleaded guilty of receiving the stolen automobile under the indictment in this case.

After the Munseys bought this automobile from the defendant, and on the same day, an acquaintance of theirs, Trooper S. O. Trent of the Tennessee Highway Patrol, saw them with the car at the 11 E. Gulf Station where they showed the car to Trooper Trent, told him they had just bought it and wanted him to look at it. He examined it and told them the serial number was missing from it and advised them to take the automobile back to the seller and get their money back, which they did. After the Munseys returned the automobile to the defendant he negotiated a trade with Ivan Duncan and again transferred possession of the automobile to Ivan Duncan who in turn sold it to Jewel City Motors. The defendant was a Notary and showed the transfer of title as passing from Mrs. Munsey to Duncan instead of showing it was from him to Duncan. The defendant had purchased a wrecked 1965 Mustang from Mr. Showman along with the title to the 1965 car and it was this 1965 title which he transferred to Mrs. Munsey as being the title to the stolen 1966 Mustang.

The defendant Shelton had been in the used car business for five years and was familiar with automobile trade procedures.

Later a more extensive investigation and examination of the car developed that a manufacturer's confidential serial number was found on the frame of the vehicle which apparently had not been known to the owners, the defendant or the dealers.

The proof shows that Embers Hensley operated A and 1 Used Cars and Parts business. The defendant Shelton about January, 1970 came to his place and asked if he had a title for a 1966 Mustang 6 Cylinder car and Hensley told him he had 2 or 3 and the defendant said he needed one and that he wanted to buy one and was willing to pay for it and displayed a hand full of money. Hensley told the defendant the titles had to be sent into the State. Hensley declined to sell the defendant a title but told him it was against the law. That these titles were for the wrecked cars he had there from which he was removing the parts, and the serial plates had to be pulled off of them and attached to the titles and mailed to Nashville.

The defendant testified in his own behalf that he is not guilty, that he did not know the car was stolen. According to his testimony sometime in December 1969 he bought the 1966 Ford Mustang in question from Charles M. Cutshaw and paid Cutshaw $350.00 for it. That the transmission was slipping and he paid $150.00 to get it repaired. That he did not receive a title when he bought the car, that he was to receive a title in two or three months. The man he bought it from said it was not paid for, that he owed 2 or 3 payments on it. That he tried to get a title for the car from Hensleys' garage. That if he sold the car he intended to tell the purchaser he did not have the right title for the car and that they could use that one until he got one.

That he sold the car to A. F. Munsey and told him the title was not the right title for the car and go ahead and drive it and as soon as he got the other title he would give him the original title. The defendant admitted he bought a 1965 Mustang which was totally wrecked, from Mr. Showman for which he paid him $30.00. That Showman gave him a title for it, that he has never taken any parts off of it. That the only thing he received from Showman was a title to a 1965 Mustang.

On cross-examination the defendant admitted that he notarized a title to the car in question showing Mary Lee Munsey sold the car to Ivan Duncan when in fact she did not convey the title to Duncan but that he, Shelton, sold it to Ivan Duncan and not Mary Lee Munsey.

Hubert Hutson testified in behalf of the defendant that about January 30, 1970 he installed a transmission and a torque converter in a 1966 Mustang for the defendant Shelton and charged him $128.90.

## ASSIGNMENTS OF ERROR

In the defendant's 1st assignment of error he contends the evidence is insufficient to support the verdict of the jury and preponderates against the verdict and in favor of the innocence of the defendant.

 This assignment must be considered under the rule that a verdict of guilt, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State and establishes the State's theory of the case; that under such a verdict the presumption of innocence which the law throws around an accused and which stands as a witness for him in his trial, disappears, and upon appeal that presumption of innocence is replaced by a presumption of guilt; that this Court is not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the accused; that we may review the evidence only to determine whether it preponderates against the verdict; and that the defendant has the burden of showing on appeal that the evidence preponderates against the verdict and in favor of his innocence. Turner v. State, 216 Tenn. 714, 394 S.W.2d 635; Chico v. State, 217 Tenn. 19, 394 S.W.2d 648; Johnson v. State, 217 Tenn. 234, 397 S.W.2d 170; Brenner v. State, 217 Tenn. 427, 398 S.W.2d 252; Owens v. State, 217 Tenn. 544, 399 S.W.2d 507; Harris v. State, 217 Tenn. 582, 399 S.W.2d 749; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485.

The defendant's 2nd assignment of error is that the evidence introduced at the trial through the testimony of Officer Finchum was the product of an illegal search.

Officer Finchum of the Tennessee Highway Patrol was off duty, working on his pickup truck "fixing it up for himself" at Hensley's A and 1 Used Car and Parts Garage late in January 1970. That he had a conversation with Mr. Hensley who evidently told him the defendant wanted to sell the 1966 Mustang. That he looked at a 1966 green Ford Mustang parked at the A and 1 Used Parts and Garage. That he looked the car over with the intentions of

maybe buying it, he had been given the price, he was interested in buying it if he could get it at that price. That he looked at the serial number and wrote it down 6F07T 180 121. That he called Kingsport for the registration and found it was registered to Bruce McCloud. Later the defendant Shelton drove away in this car. That he was interested in buying the car if he could get it at the price that had been quoted to him, $500.00 which was very cheap. That he had no information the car was stolen. They did not get a stolen report on it. That he did not search the car he just obtained the serial number by opening the door on the drivers side.

■ The trial judge conducted an evidentiary hearing, in the absence of the jury on the defendant's objection to this evidence and found that the opening of the car door by Officer Finchum and taking the serial number on the door frame was the action of a highway patrolman off duty, looking at the car as a prospective buyer, and that he made no search of the car, and what he did was neither unreasonable nor unlawful. We agree with the holding of the learned Trial Judge and find the evidence does not preponderate against his holding. We hold that Finchum made no unreasonable search of the car and that the evidence was admissible.

■ In the 3rd assignment of error the defendant complains that the trial judge erred in his instruction to the jury that in considering the testimony of the defendants that the jury should remember that the defendants are parties to the case and interested in the outcome.

One of the rules for weighing testimony is that the jury should consider the testimony in the light of the interest or lack of interest the witness may have in the outcome of the lawsuit. It is difficult to conceive of anyone being more interested than the defendant, in the result of a trial of a felony case. When the judge said to the jury that it should remember the defendant is a party to the case and interested in the outcome he was merely pronouncing a profound truth which the trial jurors already knew if they were giving careful attention to the issues.

We hold that such instruction was not error.

■ The proof in this case shows the defendant Shelton had been a used car dealer for five years. That the 1966 Ford Mustang in question was stolen in Knoxville in November 1969. That the defendant bought it from Charles Cutshaw who could not give him a valid title. That Cutshaw pleaded guilty under this indictment of receiving the stolen car. That the defendant Shelton sold the 1966 Ford Mustang to the Munseys without a serial number on it and without a valid title but defendant gave them a title to a different Mustang being a 1965 car that had been wrecked, and which he had evidently bought in an effort to obtain the title he could use. That the defendant made several unsuccessful efforts to buy a 1966 Mustang title from others particularly Embers Hensley the A and 1 Used Car and Parts dealer. When the Munseys discovered the defendant had sold them a car without a serial number on it they took the car back to him and he refunded their money. The defendant then sold the 1966 Mustang car to Ivan Duncan and surreptitiously showed the car was conveyed to Duncan in the name of Mrs. Munsey instead of correctly showing that it was conveyed by him.

We find the evidence does not preponderate against the verdict of the jury, and that the defendant's guilt has been clearly established.

The assignments of error are overruled and the judgment is affirmed.

DWYER, Judge.

RUSSELL, Judge (concurring).

I concur in the affirmance of this conviction and in the holding that the convicting evidence is legally sufficient.

I believe it unnecessary to hold that Officer Finchum's action in opening the car door and copying the serial number, after which he made a theft check (with negative results), was legal. The defendant testified that Finchum did not go near the car. Having taken that position (that there was no search) I do not judge that he is in a position to complain that what he says didn't happen actually constituted an illegal search. Hence, I would not reach the question.

I would further observe that Shelton's theory was that he didn't know that the car was stolen, not that it was not stolen; and I note further that the officer did not even learn that the car was stolen as a result of his alleged copying of the number from the door post. Further, the same number was found upon the car at other places at later times, when it was no longer in defendant's possession; so the evidence which identified the car as being stolen was unquestionably competently before the jury, and did not depend upon Officer Finchum's testimony. In summary, the information obtained by the officer is not really in dispute (except as to the fact of his obtaining it). If his action was a search and it was illegal, no prejudice resulted to the defendant.

I would also express my personal disapproval of a jury charge that calls special attention to the interest of a defendant in instructing the jury how to weigh his testimony. I have always felt that such a charge is unfair. Certainly all defendants are interested in the outcome of a trial, both those who are truthful and those otherwise. To state the fact of peculiar interest, as was done in this case, seems to me to say more than it should and mean more than it says. Our Supreme Court has permitted it, and we likewise; but I personally feel that it would be better to simply say that the testimony of a defendant is judged by the same rules applicable to the testimony of all other witnesses.