Argued August 21, reversed and remanded October 8, 1973

STATE OF OREGON, *Appellant, v.* MARCI
LEE PEARSON (No. 39520), *Respondent.*

514 P2d 884

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for appellant. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

*Donald S. Kelley,* Roseburg, argued the cause for respondent. With him on the brief were Luoma, Kelley, Woodruff & Wolke, Roseburg.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was indicted for criminal activity in drugs. ORS 167.207. Prior to trial defendant moved to suppress evidence in the form of marihuana seized from the ash tray of her automobile,[1] and marihuana obtained from her home. After an evidentiary hearing

---

[1] According to the record the automobile was actually owned by defendant's mother and stepfather, but was apparently used jointly by all three.

the circuit court granted defendant's motion to suppress as to the above evidence. The state now appeals from that portion of this order suppressing the marihuana seized from defendant's automobile.

The essential facts are not in dispute.

On January 24, 1973, the defendant left her automobile at a Roseburg garage for servicing. When the serviceman, Roger Barrick, was preparing to service the vehicle, he opened the car door and thereupon smelled what he described as a strong odor of recently burned marihuana. He immediately looked into the car's ash tray and found what he recognized to be several marihuana roach butts. The evidence was that Mr. Barrick was a Roseburg city police reserve officer and had received training in recognizing the odor of marihuana. He promptly notified the police station. Officer Havicus responded to the call. When he arrived at the garage Mr. Barrick took him to the service area, removed the ash tray from the car and showed him the ash tray and its contents. Officer Havicus agreed that the material was in fact marihuana. Mr. Barrick then dumped the contents into an envelope provided by the officer. Mr. Barrick then searched the "jock box" of the car for drugs, but did not find any. No further search was made. Mr. Barrick then proceeded to service the automobile. The officer waited in his police car at a nearby vantage point until the owner of the automobile returned to claim it. When the defendant left with the automobile, Officer Havicus stopped her and advised her why she had been stopped. She was advised of her constitutional rights and elected to invoke them. She was then taken to the police station and another officer remained to search and secure defendant's automobile. No other

contraband was found in the vehicle, but defendant later advised the police that she had some marihuana in her home and the officers seized it after securing her apparent consent. At the conclusion of the hearing the trial judge granted defendant's motion to suppress both the marihuana found in the vehicle's ash tray and that obtained from defendant's home.

In suppressing the marihuana seized from defendant's automobile the trial judge stated:

"With reference to the contents of the ashtray, the Court is of the opinion that when the car was taken into the garage for servicing, the oil change, filter change, and so on, that this constituted at least an implied consent of the cleaning of the interior of the car, including looking into the ashtray, so the discovery of the contraband in the ashtray [by Barrick] was not the product of an illegal search, even assuming that the officer at the time in question could be deemed to be a government agent. I believe there is a serious question as to that because he was strictly off duty and following his principal occupation, which was not that of a police officer * * *."

The state's argument is twofold:

First, the seizure of the marihuana was justifiable without a search warrant because of the terms of ORS 167.247 (1), which provides:

"A district attorney or peace officer charged with the enforcement of ORS 167.202 to 167.228, having personal knowledge or reasonable information that narcotic or dangerous drugs are being unlawfully transported or possessed in any boat, vehicle or other conveyance, may search the same without warrant and without an affidavit being filed. If narcotic or dangerous drugs are found in or upon such conveyance, he may seize them; arrest

any person in charge of the conveyance and as soon as possible take the arrested person and the seized drugs before any court in the county in which the seizure is made. He shall also, without delay, make and file a complaint for any crime justified by the evidence obtained."

Second, apart from the above-quoted statute, the case law has long recognized and has permitted a search and seizure of contraband from an automobile without a warrant under the above circumstances, citing *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543 (1925), and *Cooper v. California,* 386 US 58, 87 S Ct 788, 17 L Ed 2d 730 (1967).

Defendant's argument in support of the challenged suppression order is that ORS 167.247 (1) is not applicable for the following reasons:

(1) If the mechanic was acting in his capacity as a police officer, he had no right to make entry into the defendant's motor vehicle as he had no personal knowledge or reasonable information that the car contained narcotic drugs before he opened the door and made the entry.

(2) If the mechanic was acting as a mechanic (which he was at the time), then he had the right to enter the motor vehicle for the purposes of a mechanic, and any discovery of narcotic drugs would warrant seizure only pursuant to a search warrant.

In addition defendant contends that in light of *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971), ORS 167.247 (1) is unconstitutional under Art I, § 9, Oregon Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution, absent exigent circumstances in making the search and seizure.

We conclude that under all the circumstances of this case the seizure of the marihuana discovered in the ash tray was a reasonable one, and that the trial judge erred in suppressing this evidence. For the reasons hereinafter discussed we need not consider either the applicability or the constitutionality of the provisions of ORS 167.247 (1), quoted above.

We agree with the trial court that Mr. Barrick was not acting as a police officer during the sequence of events at the garage. Therefore the discovery of the roach butts by Mr. Barrick was not the product of an illegal search.

■ The Supreme Court has held that the Fourth Amendment applies only to governmental action and that evidence seized by a private individual acting on his own initiative need not be excluded. *Burdeau v. McDowell,* 256 US 465, 475, 41 S Ct 574, 65 L Ed 1048, 13 ALR 1159 (1921) ; *accord, State v. Becich,* 13 Or App 415, 419, 509 P2d 1232, Sup Ct *review denied* (1973) ; *State v. Padilla,* 9 Or App 162, 167, 496 P2d 256 (1972) ; *State v. Bryan,* 1 Or App 15, 17, 457 P2d 661 (1969). "* * * However, an illegal search by a private party can be subject to constitutional controls if the private action is participated in by police officers. *Lustig v. United States,* 338 US 74, 69 S Ct 1372, 93 L Ed 1819 (1949) * * *." *State v. Becich,* supra at 419. The crucial question therefore becomes the extent of the official involvement. *State v. Becich,* supra; *Raymond v. Superior Court,* 19 Cal App3d 321, 96 Cal Rptr 678 (1971).

The question of official involvement in the present case turns on the capacity in which Mr. Barrick acted when he found the marihuana since he is a Roseburg city police reserve officer. Therefore we

must determine whether this fact alone is sufficient to provide governmental action.

■ The state argues that Mr. Barrick was engaged in his principal occupation of garage mechanic when he discovered the contraband. Therefore, his actions were that of a private citizen. However, official involvement is not measured by the primary occupation of the actor, but by the *capacity* in which he acts at the time in question. *See, State v. Brothers,* 4 Or App 253, 478 P2d 442 (1970); *Shelton v. State,* — Tenn Cr App —, 479 SW2d 817, *cert denied* 409 US 852 (1972); *People v. Wolder,* 4 Cal App3d 984, 84 Cal Rptr 788 (1970); *People v. Martin,* 225 Cal App2d 91, 36 Cal Rptr 924 (1964); *cf., United States v. Lopez,* 328 F Supp 1077 (DC NY 1971); *State v. Becich,* supra; *State v. Young,* 11 Or App 276, 501 P2d 1001 (1972).

In *Shelton v. State,* supra, an off-duty Tennessee highway patrolman, while examining a car he wished to purchase, opened the car door and wrote down the serial number he found thereon. This information was subsequently used in a prosecution of the intended seller for receiving a stolen automobile. The court said that this was not an illegal search and seizure because the officer had not been acting as an officer when he recorded the serial number on the car. 479 SW2d at 820.

In *People v. Wolder,* supra, an off-duty Los Angeles policeman went to the city of Long Beach to talk with his daughter's landlord. The landlord told the officer that he was storing some boxes for the daughter, which contained items given to her by her grandmother and delivered by her "Uncle Bob." The officer knew that his daughter did not have an "Uncle Bob" and asked to see the boxes. Inside an open box he found

several typewriters and tools which he believed to be burglar tools. He immediately notified the Long Beach police. At the defendant's subsequent trial the search by the off-duty officer (father) was held not to violate the Fourth Amendment prohibitions as it was made in a private capacity and not in the officer's official capacity as a policeman. This was further indicated by his notification of the Long Beach police rather than taking official action himself. 4 Cal App3d at 993-94.

In *People v. Martin,* supra, three Los Angeles policemen arrested a suspect and searched his room in Alhambra. They were outside their jurisdiction and therefore had no official authority. They attempted to justify their actions as those of responsible private citizens; however, the court said their actions were too much in accordance with their offical capacities as policemen and state agents. Therefore both the arrest and the search were unlawful. 225 Cal App2d at 96.

*State v. Brothers,* supra, involved a search and seizure by a policeman who worked as a driver for a privately-owned ambulance service when off-duty. In this "off-duty" capacity he assisted the defendant's wife who had been shot (she later died). After driving her to the hospital, he called the state police, who secured the defendant's apartment. Thereafter he returned to the apartment and searched it, recovering a rifle which was instrumental in defendant's subsequent conviction. While he was never officially "on-duty," he was acting as a policeman when he returned and searched the apartment. The search was held to be unlawful.

In *State v. Young,* supra, a fireman discovered contraband after the fire department had extinguished a fire in defendant's house. The discovery occurred

during a check of the house (1) to insure that the fire was completely extinguished, and (2) to take a superficial inventory to secure the premises as the owner was not present. After discovery of the contraband, the sheriff's department was called. Defendant's arrest and conviction subsequently followed. We held that the search (and discovery of contraband) was not unlawful as the fireman had a right to be where he was when he observed the contraband. 11 Or App at 281.

■ From our examination of these cases, we conclude that Mr. Barrick was not acting in an official capacity when he discovered the contraband in defendant's automobile.

This is not to say that a police officer, whether full-time or reserve, never acts in an official capacity when off-duty. *Cf., State v. Brothers,* supra. However, we do not find any official action in the present case. *See, State v. Blackshear,* 14 Or App 247, 511 P2d 1272 Sup Ct *review denied* (1973) ; *State v. Bryan,* 1 Or App 15, 457 P2d 661 (1969).

As this court stated in *State v. Young,* supra:

"* * * A private citizen, or a police officer, or other public official who is in a place where he has a right to be, and who then observes contraband, has a right, if not an obligation, to act against this offense. [Citing authorities.] * * *." 11 Or App at 281.

Having discovered the marihuana we believe that Mr. Barrick acted properly in notifying the local police department. *State v. Young,* supra. *See also, State v. Blackshear; State v. Bryan,* both supra. When Officer Havicus arrived he inspected the material and agreed that it was in fact marihuana. It was proper

for Mr. Barrick to remove the ash tray from the automobile and dump the contents into an evidence envelope provided by Officer Havicus, and turn the envelope over to Havicus.

With reference to the trial judge's conclusion that Officer Havicus should have impounded defendant's car and taken steps to obtain a search warrant before seizing the marihuana, we disagree. While the officer could have, if he had chosen, impounded the car and sought a search warrant, he was not required to do so. Having lawfully seen and identified the subject contraband, there was no need for him to obtain a warrant in order to seize it.

Inasmuch as we find there was no illegal search or seizure involved in the discovery and seizure of the marihuana roaches, we do not reach the question of the constitutionality of ORS 167.247.

Reversed and remanded.