Argued April 21, remanded with directions June 1, 1976

STATE OF OREGON, *Appellant,*
*v.*
DONALD EDWARD SCHLABACH, *Respondent.*
(No. 35852, CA 5481)
549 P2d 1283

──────────

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*James A. Hearn,* Newport, argued the cause for respondent. With him on the brief was James H. Lewelling, Newport.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

The state appeals from a circuit court order suppressing evidence of marihuana seized from defendant's residence pursuant to a search warrant.

The facts are as follows: On June 5, 1975, Sergeant Dudley of the Lincoln County Sheriff's office, on his day off, went onto his neighbor's property which, at the time, was being cared for by the defendant in lieu of rent while the neighbor was vacationing out of state. The officer testified that his sole purpose in going onto the property was to retrieve a horse he had released earlier in the day to graze on the neighbor's land.

Officer Dudley shared a common driveway with the neighbor whose residence was located approximately 100 feet from his own. Although the neighbor had at one time allowed Officer Dudley's horse to run free on his property, the court found that he revoked his permission before he left on vacation because the horse had done damage to a garden and a tree on the property.

While on the neighbor's property, Officer Dudley discovered marihuana plants growing in a hotbox made of window frames and covered by a piece of nontransparent corrugated plastic material weighted down by a board. After observing the marihuana plants, Officer Dudley left the premises and executed an affidavit in support of a search warrant. A warrant was issued and the marihuana plants were subsequently seized. Defendant was indicted for criminal activity in drugs. ORS 167.207.

Defendant moved to suppress the evidence of marihuana plants on the ground that the seizure was preceded by a warrantless search of the hotbox located on the property. At the suppression hearing counsel for defendant contended that his motion was based on the "fruit of the poisonous tree" doctrine and the cir-

cuit court considered defendant's motion on that basis alone.[1]

■ The initial question for resolution is the status of Office Dudley at the time of his intrusion onto his neighbor's property. This is a factual question and the trial court made no specific finding on this issue. If the officer was acting merely as a private individual, as he testified, the subsequent seizure under the search warrant would not be tainted by initial illegality. If he was acting in his official capacity as a policeman, which is a possible inference, then the constraints of the Fourth Amendment apply. *Burdeau v. McDowell,* 256 US 465, 41 S Ct 574, 65 L Ed 1048, 13 ALR 1159 (1921); *State v. Pearson,* 15 Or App 1, 514 P2d 884 (1973); *see also State v. Becich,* 13 Or App 415, 509 P2d 1232, Sup Ct *review denied* (1973); *State v. Brothers,* 4 Or App 253, 478 P2d 442 (1970).

■■ The trial court found that the officer was a trespasser but, as the above cases point out, a private trespasser is not subject to the same restraints as is a governmental trespasser. We remand for a finding by the trial court as to the status of Officer Dudley at the time of the original search. *State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053, Sup Ct *review denied* (1974).

Remanded with directions.

---

[1]The state contends that defendant's motion to suppress should be governed by ORS 133.693 which sets forth the procedure whereby a defendant may challenge the accuracy of an affidavit in support of a search warrant. Under subsection (3) of the statute the burden of proof is placed on the moving party to prove the inaccuracy of the supporting affidavit. The state argues that this statute is applicable in the instant case because the evidence was ultimately seized under a search warrant. To adopt the state's interpretation would effectively impose the burden of proof on the party moving to suppress the fruits of an unlawful search in cases where a search warrant is subsequently secured. The legislature has determined, however, that the prosecution must shoulder the burden of establishing the justification for allowing the introduction into evidence of fruits' of an improper search. ORS 133.683. We conclude that the legislature intended ORS 133.683 to govern motions to suppress the fruits of a prior unlawful search without regard to whether the improperly obtained evidence is ultimately seized under a search warrant.