McMILLAN, Judge.
On February 3, 1984, the Montgomery County Grand Jury returned an indictment charging appellant with the felony possession of marijuana. Subsequent to that date, appellant waived arraignment and entered a plea of not guilty to the charge detailed in the indictment.
On May 10, 1984, the appellant was convicted of the charge after a non-jury trial and thereafter sentenced to a term of two years’ imprisonment. However, the trial judge suspended the sentence and placed appellant on supervised probation for a period of two years. This appeal followed.
A review of the facts reveals that on December 8, 1983, Herman Corley, who was employed as an exterminator for All Pest Control and an off-duty City of Montgomery police officer, was assigned the duty of spraying the Capitol Towers building and the apartments therein. Susan Bennett, the manager of the Capitol Towers building, testified at appellant’s trial that the entire building is sprayed once a month and that she gives the exterminator a master key to all the apartments.
The exterminator, Mr. Corley, testified that he entered appellant’s apartment by unlocking the door with a master key given to him by the apartments’ manager. According to Corley, upon entering the apartment, he had begun the usual spraying treatment when he noticed what appeared to be three marijuana plants sitting in the apartment. He walked over and looked at the plants and determined that the plants were in fact marijuana. Corley then pulled a leaf off one of the plants in order to substantiate his findings. Corley then finished treating the rest of the building and that afternoon, presented the leaf to the Vice and Narcotics Bureau of the Montgomery Police Department. A warrant was then secured for the purpose of searching appellant’s apartment and was executed by the Montgomery County Sheriff’s Department. Investigator Charles Alexander, with the Vice and Narcotics Bureau of the Montgomery Police Department, and Corley accompanied the Sheriff’s Department officers in the execution of the warrant.
Appellant’s apartment was searched pursuant to the search warrant obtained, and marijuana plants were found. Shortly thereafter, appellant was arrested and her process through the judicial system began.
Appellant asserts that the evidence in the present case was obtained as a result of her Fourth Amendment constitutional rights being violated, and the violation of her rights under Article I, Section 5, of the Constitution of Alabama of 1901.
Our research has failed to locate any Alabama case law directly dealing with an off-duty law enforcement officer’s discovery of contraband while employed in another part-time profession. However, State v. Pearson, 15 Or.App. 1, 514 P.2d 884 (1973), is factually similar to the problem at bar.
In Pearson, the defendant left her automobile at a garage for servicing. The serviceman, Mr. Barrick, began preparing the car for service and opened the car door. At that point, he smelled what he described as a strong odor of recently burned marijuana. He then looked into the car’s ashtray and found what he recognized to be several marijuana roach butts. The serviceman was also a local city police reserve officer with training in the recognition of marijuana odor. After finding the marijuana, he notified the police station and a regular, on-duty police officer responded to the call. Thereupon, the serviceman showed the policeman the ashtray and its contents. The serviceman then placed the *492 contents of the ashtray into an envelope provided by the police. At the conclusion of the hearing on the defendant’s motion to suppress, the trial judge granted her motion to suppress the marijuana found in her car. The trial judge’s determination was reversed on appeal.
In reversing the trial court’s holding, the Oregon Court of Appeals opined:
“The Supreme Court has held that the Fourth Amendment applies only to governmental action and that evidence seized by a private individual acting on his own initiative need not be excluded. Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574 [576], 65 L.Ed. 1048, 13 A.L.R. 1159 (1921) [other Oregon cites omitted].”
In an earlier opinion authored by then Presiding Judge Price, this court held that “the Fourth Amendment protections of privacy against unlawful searches and seizures do not apply to searches by private persons acting in private capacity, but are applicable only to searches by law enforcement agents.” Singleton v. State, 48 Ala.App. 157, 160, 262 So.2d 772 (1971). See also Gandy v. Watkins, 237 F.Supp. 266 (D.Ala.1964); Barnes v. United States, 373 F.2d 517 (5th Cir.1967).
This reasoning was recently reaffirmed by the United States Supreme Court in the case of United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). In a discussion regarding the applicability of the Fourth Amendment and the protection it affords against unreasonable searches and seizures, the court in Jacob-sen said:
“This Court has also consistently construed this protection as proscribing only governmental action; it is wholly inapplicable ‘to search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.’ Walter v. United States, 447 U.S. 649, 662 [100 S.Ct. 2395, 2404, 65 L.Ed.2d 410] (1980) (BLACKMUN, J., dissenting).” (footnote omitted)
Whether invasions into another individual’s privacy were accidental or deliberate, and whether they were reasonable or unreasonable, the Fourth Amendment guarantees will not be deemed violated if the invasions were of a “private character”. Jacobsen.
Relying on Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949), Pearson, supra, also held that an illegal search by a private individual could be subject to constitutional limitations if the private action was participated in by law enforcement officials. “The crucial question therefore becomes the extent of the official involvement.” Pearson, 514 P.2d at 886.
The question of official involvement in cases such as Pearson and the present case turns on the issue of the capacity in which the citizen/officer acted when he or she discovered the contraband. Therefore, we must decide: if a police officer in a non-official capacity conducts a search or seizure, does that factor alone supply the degree of governmental involvement needed to invoke the Fourth Amendment constitutional controls, in what would otherwise be action of a “private character”. The answer, we believe, lies in a case-by-case analysis.
In the case at bar, the trial judge found that “[b]ased on the testimony, the Court’s of the opinion that he [Herman Corley] was there as a bug man or an exterminator and not there in his official capacity.” (R. 30).
Therefore, in reliance on the trial court’s determination and our own review of the trial transcript, we believe that Herman Corley’s actions were in fact those of a private citizen. We adopt the Oregon Court of Appeals’ proposition that official involvement shall not be measured by the primary occupation of the actor, but rather by the capacity in which he acts at the point in time in question. Pearson, supra. See also Shelton v. State, 479 S.W.2d 817 (Tenn.Ct.App.), cert. denied, 409 U.S. 852, 93 S.Ct. 65, 34 L.Ed. 2d 95 (1972). Cf. Robinson v. State, 361 So.2d 1113 (Ala.1978) (wherein the Alabama Supreme Court *493 reasoned that an assault on an off-duty police officer did not change his status from a private citizen to a peace officer).
Even though we find that Herman Cor-ley was not acting in an official capacity when he discovered the contraband in appellant’s apartment, this decision should not be so liberally construed by law enforcement officials that the guarantees of the Fourth Amendment of the United States Constitution may be obstructed by assertions of “non-official action” in order to justify otherwise unconstitutional searches and seizures. As stated earlier, each case must be decided according to its own merits, but abuses of the Fourth Amendment rights will not be validated by “claims” of non-official involvement.
Consequently, one who discovers contraband has a right, if not an obligation, to act against the offense, whether the discoverer of the contraband is a governmental official who is lawfully in a place where he or she has a right to be, or a private citizen. The manner in which a private citizen or an official acts against an offense may require a different course of action; nevertheless, the obligation to act remains. Mr. Herman Corley, in his private capacity as an exterminator, acted properly in seizing a leaf of the marijuana plant in order to justify the probable cause requirement for the issuance of a warrant in order to effectuate the seizure of the plants by local law enforcement agencies.
Having carefully reviewed the record before us, and finding no violations of the appellant’s rights under the Fourth Amendment of the United States Constitution or Article I, Section 5, of the Constitution of Alabama of 1901, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.