697 P.2d 1219

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Carlos CASTILLO, Defendant-Appellant.**

**No. 15060.**

Court of Appeals of Idaho.

March 25, 1985.

E.R. Frachiseur, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. Rene Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Carlos Castillo appeals from a judgment of conviction for delivery of a controlled substance, I.C. § 37–2732. Castillo contends on appeal that the district court erred by not suppressing evidence Castillo believes was illegally obtained; that a fatal variance occurred between the offense charged in the information and the evidence presented; and that the state failed to prove a specific criminal intent required under the statute. We affirm.

Castillo is a resident of California. In May of 1981, Castillo mailed a letter to his brother, Raymond, who was living in Glenns Ferry, Idaho. Leaf flakes and a stem from a marijuana plant were enclosed in the letter. The letter was addressed to Raymond, c/o Esther Castillo Hinton. Esther, the sister of Raymond and Carlos, is married to David Hinton. During the events relevant to this proceeding, David Hinton was an officer with the Glenns Ferry Police Department. On May 8, 1981, Hinton went to the post office while he was off duty to get the family mail. As he was leaving the post office, the mail, including the letter from Castillo, fell to the floor. When he bent to retrieve the letters, Hinton noticed a "brownish-green plant material" lying next to the Castillo letter. Hinton opened the letter and discovered the marijuana, which he immediately turned over to the Glenns Ferry police chief.

A criminal complaint was filed against Castillo in June, 1981. Castillo was arrested in May, 1982 when he arrived in Idaho for a social visit. Following a preliminary hearing, a prosecutor's information was

filed charging Castillo with unlawful delivery of a controlled substance.[1] Claiming a violation of his constitutional right to be free from unreasonable searches and seizures, *see* U.S. Const.Amend. IV, Castillo moved to suppress the introduction of the marijuana into evidence. The district court entered an order denying the motion to suppress. The court concluded that the fourth amendment prohibition against unreasonable searches and seizures did not apply because Hinton was not acting as a police officer when the marijuana was discovered. *See Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921) (the fourth amendment proscription of unreasonable searches and seizures does not require the suppression of evidence discovered in a private search). Castillo was thereafter convicted of delivery of a controlled substance.

I

Castillo maintains the evidence should have been suppressed because Hinton was acting as a police officer at the time he opened the envelope. Although the facts giving rise to the issue are not disputed, Castillo and the state disagree as to Hinton's status. Castillo concedes that Hinton was acting as a private individual when he dropped the envelope and saw the flakes of marijuana that had spilled out, but Castillo insists Hinton was acting in his role as a police officer when he opened the envelope. Hinton was acting as a police officer, Castillo argues, because he had probable cause to believe the envelope contained marijuana. Thus, Hinton should have gotten a search warrant. Because he did not, Castillo believes the fourth amendment mandates the exclusion of the evidence.

■■■ It is firmly established that a search by a private citizen not acting in concert with or at the direction of government officials is not a violation of the fourth amendment's prohibition of unreasonable searches. *Burdeau v. McDowell,*

*supra; Cash v. Williams,* 455 F.2d 1227, (6th Cir.1972); *United States v. Hodges,* 448 F.2d 1309 (6th Cir.1971) (mother opening mail addressed to her son); *State v. Pontier,* 103 Idaho 91, 645 P.2d 325 (1982); Annot. 36 A.L.R.3d 553 (1971). An off duty policeman is not automatically acting in concert with or at the direction of government officials simply because he discovers contraband. *See United States v. McGreevy,* 652 F.2d 849 (9th Cir.1981); *State v. Pearson,* 15 Or.App. 1, 514 P.2d 884 (1973). "[O]fficial involvement is not measured by the primary occupation of the actor, but by the *capacity* in which he acts at the time in question." (Emphasis in original.) *State v. Pearson,* 514 P.2d at 886. We agree with the trial court that Hinton was acting in his individual capacity and not as a government official when he opened the envelope. Hinton was at the post office on a private errand during his off-duty hours. No investigation of Castillo's mail was planned by the Glenns Ferry authorities or contemplated by Hinton when he arrived at the post office. Further, when Hinton discovered the marijuana, he immediately notified the police chief rather than undertake official action. *See People v. Wolder,* 4 Cal.App.3d 984, 84 Cal.Rptr. 788 (1970) (off-duty policeman's immediate notification of the police when he discovered contraband was evidence he was not acting in his official capacity). Because Hinton was acting as a private citizen when the marijuana was discovered, the trial court did not err by denying Castillo's motion to suppress the marijuana.

II

Castillo also asserts that a fatal variance between the prosecutor's information and the proof at trial occurred, thus subjecting him to a risk of multiple prosecutions of a single offense. After the state completed its presentation of evidence, Castillo moved to dismiss the complaint, alleging a fatal variance between the offense charged in

1. Castillo was also charged with a second count of delivering a controlled substance, but the evidence relevant to that count was suppressed.

No issues are raised on appeal regarding the other count.

the information and the evidence presented. He did not argue denial of due process; rather he contended that the variance subjected him to a risk of multiple prosecutions for a single offense. The trial judge denied Castillo's motion, and he raises the same argument on appeal. The information charged Castillo with delivery of a controlled substance to David Hinton, but Castillo believes the evidence proved an attempt to deliver to Raymond Castillo. Because he was convicted of delivery rather than attempt to deliver, Castillo believes he risks future prosecution of an attempt to deliver charge. Castillo believes that such a risk violates the fifth amendment's double jeopardy clause.[2] We are not persuaded.

■ Our review of the record convinces us that no variance in the charge and the evidence presented occurred. The delivery to Hinton was clearly established at trial. Castillo's concern of multiple prosecution is, at this point, unfounded. Besides the prohibitions of double jeopardy found in the United States and Idaho constitutions, I.C. § 18–301 proscribes double punishment for a single act that can be charged under more than one statutory provision. The proscription against multiple prosecution is not violated simply because the criminal act might have been charged under different statutes or because it could have been charged differently under a single statute. Castillo can successfully argue against a second prosecution for the same act should the state ever attempt a second prosecution. We sustain the trial court's order denying Castillo's motion to dismiss.

### III

Finally, Castillo contends that the state failed to establish at trial the criminal intent required to convict for the crime charged in the information. Castillo believes the state was required to prove, but did not, that he specifically intended Hinton to receive the controlled substance. The information charged that Castillo "did unlawfully deliver a controlled substance, to-wit: Marijuana, a Schedule I, non narcotic drug to David Hinton, in violation of Section 37–2732(a)(1)(B)." The relevant statute defines delivery as "the actual ... transfer from one person to another of a controlled substance...." I.C. § 37–2701(f).

■ We do not believe the statute requires the state to prove Castillo intended Hinton to receive the marijuana. A violation of I.C. § 37–2732(a)(1)(B) occurs when a controlled substance is intentionally and unlawfully delivered; it is immaterial that the recipient is an unexpected person. Under the statutory definition of "delivery," the state only needed to prove an actual transfer from Castillo to Hinton occurred. The evidence demonstrates beyond a reasonable doubt that the marijuana was actually transferred from Castillo to Hinton.[3]

The orders appealed from are affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

2. The fifth amendment to the United States Constitution provides, in part, that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb...." Art. 1, § 13 of the Idaho Constitution contains a similar provision.

3. We are not asked to determine what other criminal intent might be required to convict under the statute. *See e.g., Applegate v. State,* 301 So.2d 853 (Miss.1974) (the state was required to prove the accused had knowledge that he was delivering a controlled substance and that he intended to deliver a controlled substance); *State v. Boyer,* 91 Wash.2d 342, 588 P.2d 1151 (1979) (guilty knowledge must be proven beyond a reasonable doubt).