725 P.2d 194

STATE of Idaho, Plaintiff-Respondent,

v.

Richard LEE, Defendant-Appellant.

No. 16283.

Court of Appeals of Idaho.

Sept. 3, 1986.

Timothy D. Wilson, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen. and A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

In this case we examine sentences imposed upon a drunk driver who killed two people. Richard Lee pled guilty to two counts of vehicular manslaughter—one for each death.[1] He was sentenced to a fixed term of seven years on the first count and to a consecutive, indeterminate period of seven years on the second count. The sole issue on appeal is whether the district judge abused his discretion by failing to make both sentences indeterminate and concurrent. For reasons explained below, we hold that he did not.

■ Seven years is the maximum term of imprisonment authorized by statute for

---

1. Lee also pled guilty to a misdemeanor charge of driving without privileges. His jail sentence for this offense was suspended during imprisonment and is not at issue here.

each offense of vehicular manslaughter. *See* I.C. § 18–4007(3)(a). A district court possesses inherent authority, recognized by I.C. § 18–308, to impose consecutive sentences for multiple offenses. *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977). Here, Lee could have received two fixed sentences of seven years each.[2]

■ Sentences within statutory limits will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness, as applied to sentence review, is explained in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

■ A fixed sentence must be served entirely in confinement, without parole, but with credit allowed for good conduct under I.C. § 20–101A. *State v. Rawson*, 100 Idaho 308, 597 P.2d 31 (1979). For the purpose of sentence review, and not as a prediction of good time, we deem the duration of confinement imposed by a fixed sentence to be its facial term less the statutory credit available as a matter of right. *State*

*v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct. App.1983). The fixed sentence in this case is viewed as requiring confinement for seven years less a potential credit of 672 days, yielding a net period of approximately 62 months.

■ In contrast to a fixed sentence, an indeterminate sentence allows parole. For the purpose of sentence review, but not as a prediction of actual release on parole, we deem the duration of confinement imposed by an indeterminate sentence to be one-third of its facial length, absent a contrary statute or indication in the record. *State v. Toohill, supra.* There is no contrary statute or indication here. *See State v. Jenkins*, 105 Idaho 166, 667 P.2d 269 (Ct.App. 1983) (holding I.C. § 20–223 not to be a contrary statute). Accordingly, the indeterminate sentence in this case is treated as requiring confinement for one-third of seven years, or 28 months.

The aggregate term of confinement imposed by both sentences together is deemed to be approximately 90 months, or seven and one-half years. Consequently, the question before us is whether, under any reasonable view of the facts, confinement of such duration is reasonable in Lee's case.

■ When weighing the facts of any given case, we conduct an independent examination of the record. We focus upon the nature of the offense and upon the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the facts surrounding the offense reveal that Lee drove his pickup truck into the wrong lane of a two-way highway. He struck a vehicle containing three occupants, two of whom died from the impact. When tested after the incident, Lee was found to have a blood-alcohol level of .19 percent. Prior to the fatal impact, Lee's erratic driving reportedly had forced other motorists off the road.

**2.** So far as the record discloses, Lee raised no issue in the district court concerning the propriety of charging two crimes of manslaughter arising from a single incident. Neither has he raised such an issue on appeal. Consequently, our focus is limited to the question of sentencing discretion.

Concerning Lee's character, the presentence report noted a prior record of driving under the influence. Lee had been convicted of DUI in 1984 and 1985. He had served ten days in jail on the second conviction, and was on probation when the instant crimes occurred. His criminal record also included two prior felony convictions for burglary. Although he was just 23 years old, Lee was an admitted alcoholic. He expressed remorse for the lives he had taken.

The presentence investigator recommended that Lee "spend a period of time in a highly structured environment where he can obtain professional alcohol abuse counseling he needs and also to impress upon him the serious consequences he could suffer for his unlawful actions." The district judge, in a thorough sentencing opinion, considered all of the relevant sentencing criteria. He stated that the seven-year fixed sentence would serve the goals of protecting the public, deterrence and retribution. He stated that the ensuing indeterminate sentence would continue to serve the goal of protecting the public while offering Lee the possibility of parole as a part of a rehabilitation program.

In our view, the district judge gave sound reasons for the sentences imposed in this case. The sentences are not excessive in relation to the facts. Accordingly, we conclude that the district judge did not abuse his discretion. The sentences are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.