777 P.2d 737

STATE of Idaho, Plaintiff–Respondent,

v.

Richard Allen LEE,
Defendant–Appellant.

No. 17054.

Court of Appeals of Idaho.

June 2, 1989.

Petition for Review Denied
Aug. 18, 1989.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WINMILL, Judge Pro Tem.

In this case, the appellant, Richard A. Lee, challenges the district court's denial of his Rule 35 motion, in which Lee contended that the imposition of consecutive sentences for two counts of vehicular manslaughter arising out of a single accident was illegal. Lee raises the following issues on appeal: (1) whether his sentences were illegal because the Idaho vehicular manslaughter statute, I.C. § 18–4006(3), makes an act of driving which causes death in violation of the statute a single offense, regardless of the number of fatalities which result; (2) whether his sentences were illegal because the language of the vehicular manslaughter statute is ambiguous, and, under the doctrine of lenity, must be construed to bar more than one sentence for a single act of driving; and (3) whether his sentences were illegal because I.C. § 18–301 precludes multiple punishment for separate charges of vehicular manslaughter arising out of the same incident. For the reasons stated below, we affirm the decision of the district court.

The relevant facts can be stated briefly. On August 16, 1985, Richard A. Lee drove his pickup truck into the wrong lane of a two-way highway. He drove erratically,

forcing other motorists off the road. Lee ultimately struck another vehicle, killing two of its occupants. A subsequent test showed that Lee had a blood-alcohol level of .19 percent.

Lee was charged with and pled guilty to two counts of vehicular manslaughter. He was sentenced on the first count to a seven-year fixed term, and received a consecutive seven-year indeterminate sentence on the second count. Lee appealed, arguing that the district judge abused his discretion by failing to make both sentences indeterminate and concurrent. The sentences were upheld on appeal. *State v. Lee*, 111 Idaho 489, 725 P.2d 194 (Ct.App.1986). However, our focus in that appeal was limited to the question of sentencing discretion, and the issues raised here were not considered. *Id.* at 490 n. 2, 725 P.2d at 195 n. 2. Following the appeal, Lee filed a motion for sentence reduction under I.C.R. 35 and the consecutive, indeterminate sentence was reduced to five years by the district court. Later, Lee filed another motion in the district court pursuant to I.C.R. 35—this time challenging the legality of consecutive sentences on two charges arising from a single act. Lee's motion was denied, and this appeal followed.

▆▆▆ Initially, we note our standard of review. For the purpose of Rule 35, an illegal sentence is one in excess of a statutory provision or otherwise contrary to applicable law. *United States v. Huss*, 520 F.2d 598 (2d Cir.1975). It is self-evident that this determination involves a legal question on which we exercise free review. *Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HANDBOOK § 3.2.1 (Idaho Law Foundation, Inc.1985). Furthermore, unlike a legal but allegedly excessive sentence, an illegal sentence may be corrected "at any time." I.C.R. 35; *see State v. Vetsch*, 101 Idaho 595, 618 P.2d 773 (1980).

▆▆▆ The first two issues raised on appeal concern the language of the statute defining vehicular manslaughter. The relevant text of I.C. § 18–4006 reads as follows:

Manslaughter defined.—Manslaughter is the unlawful killing of a human being, without malice. It is of three (3) kinds:

. . . . . .

3. Vehicular—in which the operation of a motor vehicle causes death because of:

(a) the commission of an unlawful act, not amounting to a felony, with gross negligence; or

(b) the commission of a violation of section 18–8004 or 18–8006, Idaho Code [driving while under the influence of alcohol, drugs or intoxicating substances]; or

(c) the commission of an unlawful act, not amounting to a felony, without gross negligence.

In his first argument, Lee suggests that the statute defines vehicular manslaughter as the operation of a motor vehicle which causes death because of an unlawful act. He contends that the primary thrust of the statute is to regulate careless and impaired driving. From this view, Lee argues that an act of driving that causes death constitutes a single offense, regardless of the number of deaths that result.

Lee's argument ignores the operative language of the statute that "[m]anslaughter is the unlawful killing of a human being...." The rest of the statute simply describes the ways in which the crime of manslaughter may be committed. Read as a whole, the statute clearly and unambiguously indicates the legislature's intent to protect individual victims and to criminalize the unlawful killing of a human being. It necessarily follows that multiple deaths resulting from a single act of driving can be charged as separate offenses under the manslaughter statute.

This construction of the manslaughter statute is consistent with decisions of other courts which have addressed arguments similar to the one raised by Lee in this appeal. *See, e.g., Wilkoff v. Superior Court*, 38 Cal.3d 345, 211 Cal.Rptr. 742, 744–46, 696 P.2d 134, 137–38 (Cal.1985); *State v. Miranda*, 3 Ariz.App. 550, 416 P.2d 444, 452 (1966). We join this line of authority and conclude that the language

of I.C. § 18–4006 did not preclude Lee's conviction or sentencing for two separate charges of manslaughter.

Next, Lee poses the alternative argument that the manslaughter statute is, at the very least, ambiguous and under the doctrine of lenity must be construed in favor of the least harsh result for any defendant charged under its provisions. *State v. McKaughen*, 108 Idaho 471, 473, 700 P.2d 93, 95 (1985). However, as noted above, we find no ambiguity in the purpose or language of I.C. § 18–4006. Therefore there is no need to apply the doctrine of lenity. *Murray v. United States*, 358 A.2d 314, 320–21 (D.C.App.1976).

Finally, Lee contends that I.C. § 18–301 precludes double punishment for a single act. However, this argument oversimplifies the statute. The statute recites:

> An act or omission which is made *punishable in different ways by different provisions of this code* may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. [Emphasis added.]

Properly read, I.C. § 18–301 precludes multiple punishment, *under different statutory provisions*, for a single act. *See State v. Castillo*, 108 Idaho 205, 208, 697 P.2d 1219, 1222 (Ct.App.1985). Otherwise stated, "If defendant's single action creates liability under two criminal statutes, [the] defendant can only be punished under one statute." *State v. Horn*, 101 Idaho 192, 197, 610 P.2d 551, 556 (1980). In this case, both of Lee's convictions were under the same provision of the manslaughter statute. Accordingly, I.C. § 18–301, by its terms, has no application to this case.

This distinction is also suggested by the manner in which the statute has been applied in other cases. In each instance where I.C. § 18–301 has been held by the Idaho appellate courts to preclude multiple convictions or punishment for a single act, the charges arose under different statutory provisions. *See e.g., State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980) (single act could not be charged as both attempted robbery and assault with a deadly weapon); *State v. Spurr*, 114 Idaho 277, 755 P.2d 1315 (Ct.App.1988) (obstructing a public officer and battery upon a police officer); *Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App.1984) (assault with a deadly weapon and attempted rape).

We are mindful of our Supreme Court's observation that "Idaho's multiple punishment statute, I.C. § 18–301, exceeds the scope of the constitutional constraints on double jeopardy." *State v. Horn*, 101 Idaho at 197, 610 P.2d at 556. However, the statute has this expansive role only in those cases to which it applies, i.e., where the defendant's action creates liability under two separate statutes. Where the defendant is charged with more than one violation under the same statute, his protection against improper multiple punishment lies in the Double Jeopardy Clause of the Fifth Amendment. On this appeal, Lee does not contend that his convictions and sentences violated that constitutional safeguard.

In summary, we hold that the vehicular manslaughter statute is clear in making criminal the taking of human life. In view of that purpose, a single act of driving which results in the death of more than one person may properly be charged as separate offenses. The statute is not ambiguous in this regard, and it is not necessary to employ the doctrine of lenity in interpreting the statute. We also conclude that the imposition of consecutive sentences in this case does not conflict with the language of I.C. § 18–301, since the charges arose under the same statutory provision. Accordingly, the order of the district court denying Lee's Rule 35 motion is affirmed.

WALTERS, C.J., and BURNETT, J., concur.