816 P.2d 347

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert A. LOWE, Defendant–Appellant.**

**No. 18000.**

Court of Appeals of Idaho.

Aug. 2, 1990.

Petition for Review Granted Oct. 9, 1990.

Affirmed Aug. 22, 1991.*

**392**

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent. James E. Leuenberger argued.

WALTERS, Chief Judge.

Robert A. Lowe entered guilty pleas to charges of vehicular homicide and aggravated driving while under the influence of an intoxicating substance. The issue on appeal is whether I.C. § 18–301 prohibits separate punishment where a defendant, in a single driving incident, commits manslaughter as to one victim, and drunk driving resulting in great bodily harm to a separate victim. We hold that under these circumstances, separate punishment is permissible. Accordingly, we affirm.

The relevant facts can be summarized briefly. On September 24, 1988, Robert Lowe was driving his vehicle while under the influence of alcohol and collided with another vehicle. He killed the driver of the other vehicle, and seriously injured one of her passengers. Lowe pled guilty to charges of vehicular homicide, I.C. § 18–4006(3)(b), and aggravated driving under the influence of alcohol, I.C. § 18–8006(1). The district court imposed separate, unified sentences for each conviction: a fixed term of two years and an indeterminate term of four years on the vehicular manslaughter conviction; and eighteen months fixed, three years indeterminate on the aggravated driving while under the influence conviction. The district court ordered that the sentences run consecutively.

Lowe does not challenge his dual convictions under the double jeopardy clause of the United States Constitution. Rather, Lowe avers that the imposition of multiple *punishments* by the sentencing court was in contravention of I.C. § 18–301, a statute exceeding the scope of the constitutional protection against double

jeopardy. *See State v. Horn*, 101 Idaho 192, 197, 610 P.2d 551, 556 (1980).

Idaho Code § 18–301 provides:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

Pursuant to the statute, a defendant cannot be punished twice for the same act. Thus, if a defendant's single action creates liability under two criminal statutes, he or she can only be sentenced under one statute. *State v. Horn*, 101 Idaho at 197, 610 P.2d at 556.

■ Lowe contends that the death of the first victim and the bodily injury inflicted upon the second victim resulted from his single act of driving under the influence and that, pursuant to I.C. § 18–301, he can be punished for only one of the convictions: either vehicular manslaughter or aggravated driving while under the influence. We disagree.

■ In general, we employ a "temporal test"—a test of time—to determine whether the statutory prohibition against double punishment has been violated. *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987). Thus, if the acts comprising one of the crimes are completed before the commission of the second crime, then the two crimes cannot be said to arise from the same act. *Id.* at 1100, 739 P.2d at 397. However, the temporal test is not necessarily dispositive where multiple victims result from a single incident. "Where a single act of violence is committed with an intent to harm more than one person [or] with means likely to harm more than one person, and results in multiple victims, multiple punishments are warranted and permitted." *State v. Major*, 111 Idaho 410, 415 n. 5, 725 P.2d 115, 120 n. 5 (1986) (citing the rule in *Neal v. State*, 55 Cal.2d 11, 9 Cal. Rptr. 607, 612, 357 P.2d 839, 844 (1960) *cert. denied* 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961)). Under this principle, a defendant who wilfully or recklessly threatens several persons with injury or death is viewed as having "acted upon" each of the resulting victims, and I.C. § 18–301 accordingly does not apply. *See State v. Mane*, 783 P.2d 61, 65 (Utah App. 1989) (viewing the multiple-victim rule as a recognition of multiple acts committed); *Wilkoff v. Superior Court*, 38 Cal.3d 345, 211 Cal.Rptr. 742, 745–46, 696 P.2d 134, 138 (Cal.1985) (viewing the multiple-victim rule as an exception to the multiple-punishment prohibition, based on defendant's greater culpability). Were this principle not applicable to a defendant's violent conduct resulting in multiple victims, "one who placed a bomb in an airline resulting in the deaths [or injury] of dozens of people would be less severely punished than one who repeatedly fired a gun at a number of persons, with a similar resulting casualty figure." *Mane*, 783 P.2d at 64. *See also, State v. Rieck*, 286 N.W.2d 724 (Minn. 1979).

■ We conclude that the rule permitting multiple punishments when multiple injuries result from a single act of violence, governs this matter. We hold that the commission of vehicular manslaughter while driving under the influence constitutes an act of violence against the person. *See State v. Lee*, 116 Idaho 515, at 516, 777 P.2d 737, at 738 (Ct.App.1990) (review denied); *accord People v. McFarland*, 47 Cal.3d 798, 254 Cal.Rptr. 331, 333–35, 765 P.2d 493, 495–96 (1989). Clearly, such conduct is likely to result in harm to others using the public highways. We conclude that where a defendant, as the result of a single driving incident, commits vehicular manslaughter, he properly may be punished for injury to another person resulting from the same incident. Accordingly, we hold that the sentencing judge did not err in imposing dual sentences for Lowe's convictions for vehicular manslaughter and aggravated driving under the influence.

The judgments of conviction, including the sentences, are affirmed.

SCHILLING, J., pro tem., concurs.

**394**

SWANSTROM, Judge, concurring specially:

In *State v. Lee*, 116 Idaho 515, 777 P.2d 737 (Ct.App.1989) (review denied), we followed *Wilkoff v. Superior Court*, 38 Cal.3d 345, 211 Cal.Rptr. 742, 696 P.2d 134 (1985), holding that a defendant who has committed several homicides in the course of a single driving incident, has committed the act prohibited by the statute several times. The reasoning behind this holding is that "vehicular homicide" is generally considered a crime of violence against the person of another. "The actus reus of vehicular manslaughter is homicide—the unlawful killing of a human being." *Wilkoff v. Superior Court*, 211 Cal.Rptr. at 745, 696 P.2d at 137. Where the prohibited act is committed more than once, each victim represents a separate violation. "A defendant may properly be convicted of multiple counts for multiple victims of a single criminal act only where the act prohibited by the statute is centrally an 'act of violence against the person.'" *Id.* 211 Cal. Rptr. at 747, 777 P.2d at 139.

However, as *Wilkoff* makes clear, a different rule may apply to crimes such as aggravated DUI under I.C. § 18–8006(1):

> The unlawful act denounced by the Vehicle Code is the 'mere act of driving a vehicle upon a public highway while intoxicated'; the act is either a misdemeanor or a felony, depending on whether personal injuries result therefrom. The felony section simply 'graduate[s] the punishment according to the [more serious] consequences of the forbidden act.... The fact that there are several victims cannot transform the single act into multiple offenses.' [quoting *People v. Lobaugh*, 18 Cal.App.3d 75, 95 Cal. Rptr. 547 (1971).]

*Wilkoff v. Superior Court*, 211 Cal.Rptr. at 745, 696 P.2d at 137.

Nevertheless, in *People v. McFarland*, 47 Cal.3d 798, 254 Cal.Rptr. 331, 765 P.2d 493 (1989), a case we cite in our opinion, the California Supreme Court upheld a conviction for vehicular manslaughter and a conviction for felony DUI where the defendant caused the death of one person and injury to another person in a single act of driving under the influence. We reach the same result in this opinion. I concur specially to note: We do not need to decide here whether aggravated DUI is a "crime of violence against the person" or whether multiple offenses may be charged under I.C. § 18–8006(1) where a single act of driving under the influence results in multiple injuries. These questions need not be answered here.