832 P.2d 1131

**Richard A. LEE, Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

**No. 19043.**

Supreme Court of Idaho,
Twin Falls, April 1992 Term.

June 3, 1992.

May & May Law Offices, Twin Falls, for plaintiff-appellant. Thomas D. Kershaw, Jr. argued.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for defendant-respondent. Michael A. Henderson argued.

McDEVITT, Justice

### BACKGROUND AND PRIOR PROCEEDINGS

A. Events Relating To The First Petition For Post–Conviction Relief.

Appellant pled guilty to and was convicted of two counts of vehicular manslaughter. Appellant was sentenced to a fixed term of seven (7) years on the first count and to a consecutive, indeterminate period of seven (7) years on the second count. Appellant's sentence was affirmed on appeal by the Idaho Court of Appeals. *State v. Lee*, 111 Idaho 489, 725 P.2d 194 (Ct.App. 1986) [*Lee I*].

Appellant then filed an I.C.R. 35 motion to reduce his sentence. In the memorandum in support of the I.C.R. 35 motion to reduce his sentence, appellant pointed to "additional factors in mitigation ... not ... previously heard or considered by the Court." In this regard, appellant asserted that he had been a model prisoner, that the prison was not a proper environment for him, and that he needed treatment for his alcohol problem. Appellant requested the district court to reduce his sentence to "two (2) indeterminate terms of not to exceed five (5) years ... to be served concurrently." The district court granted this motion only to the extent that it reduced the indeterminate seven (7) year sentence on count two to an indeterminate five (5) year sentence.

Thereafter, appellant filed a second I.C.R. 35 motion, claiming that the consecutive nature of the sentence was illegal. The district court denied the second I.C.R. 35 motion, and the Idaho Court of Appeals affirmed. *State v. Lee*, 116 Idaho 515, 777 P.2d 737 (Ct.App.1989), *review denied [Lee II]*.

On July 7, 1988, appellant, appearing *pro se,* filed his first petition for post-conviction relief. An order appointing a public defender to represent appellant in this action was entered on July 24, 1989. Thereafter, on September 20, 1989, an amended first petition was filed with the district court. The issues raised in the first amended petition for post conviction relief were: (1) ineffective assistance of counsel; and (2) coercion of guilty pleas. The first amended petition was denied by the district court on February 26, 1990.

On April 11, 1990, appellant filed a notice of appeal, appealing from the denial of his first petition for post-conviction relief. On April 13, 1990, appellant moved the Idaho Supreme Court for leave to late file the notice of appeal. Additionally, appellant's counsel filed an affidavit stating that she had been ill and out of her office for a few days preceding the last day to file the notice of appeal. In response, the State filed a motion to dismiss the appeal.

On May 17, 1990, the Idaho Supreme Court denied appellant's motion and granted the State's motion dismissing the appeal.

**B. Events Relating To The Second Petition For Post–Conviction Relief.**

On June 28, 1990, appellant filed his second petition for post-conviction relief. In his second petition, appellant listed two claims for relief: (1) counsel's failure to comply with appellant's request to appeal constituted ineffective assistance of counsel, as guaranteed by the Sixth Amendment to the Constitution of the United States as well as article 1, § 13 of the Idaho Constitution; and (2) that because appellant has a right to appeal from the district court's decision, he was denied due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States as well as article 1, § 13 of the Idaho Constitution. Appellant requested that the district court either "[v]acate and then reinstate the original 'Memorandum Decision Denying Petitioner's Claim For Post–Conviction Relief' thereby allowing a timely 'Notice of Appeal' to be filed ..." or "ORDER that the remainder

of Petitioner's current sentence be vacated, with prejudice, and Petitioner be DISCHARGED from the custody of the Idaho State Board of Corrections...."

On July 12, 1990, the State filed its answer to the second petition for post-conviction relief. The State requested the district court to "[d]ismiss the Petition pursuant to *Idaho Code* Section 19–4906(B)," and to "[d]eny the Petition for Post–Conviction Relief."

The district court denied appellant's second amended petition for post-conviction relief. In its memorandum decision, the district court stated that "[t]he issue presented here is whether a claim of ineffective assistance of counsel allegedly occurring in a prior civil action for post-conviction relief may be raised as an issue in a second and subsequent petition for post-conviction relief." The district court turned to I.C. § 19–4908, as relevant to "[s]uccessive applications for post-conviction relief." Additionally, the district court held that *Wolfe v. State,* 113 Idaho 337, 743 P.2d 990 (Ct.App.1987), *review denied,* controlled this case. The district court stated that the *Wolfe* court held that "the ineffectiveness of counsel is not among the permissible grounds for filing another post-conviction relief application under I.C. § 19–4901. The statutory scheme is designed to deal with collateral attacks upon allegedly improper convictions and sentences, *not collateral attacks upon other post-conviction proceedings.*" *Wolfe,* 113 Idaho at 339, 743 P.2d at 992 (emphasis added by district court). Furthermore, the district court ruled that since the only issue raised by appellant was one of law, an evidentiary hearing was not required. The district court also held that *Flores v. State,* 104 Idaho 191, 657 P.2d 488 (Ct.App.1983), in which "[t]he Idaho Court of Appeals held that if Flores had directed his attorney to file an appeal and if the attorney's inaction caused Flores not to perfect the appeal, he would be entitled to relief on his post-conviction petition," was distinguishable from this case. In doing so, the district court stated that "[t]he fact in *Flores* that distinguishes it from this action is that the petition for post conviction relief in *Flores*

was asserted following the conviction and sentence, a criminal matter, not a prior post-conviction relief petition, a civil matter." The district court concluded that it "views the matter as one of jurisdiction and based on I.C. § 19–4908 and the holding in *Wolfe*, finds there is no jurisdiction to proceed on Lee's application for post-conviction relief." The order denying appellant's second application for post-conviction relief was dated November 5, 1990.

On November 9, 1990, appellant filed a motion to alter or amend the judgment pursuant to I.R.C.P. 59(e). In the motion to alter or amend the judgment, appellant argued that the district court failed to address his due process cause of action. In this regard, appellant asserted that the issue was "[w]hether the dismissal of the appeal violated the Due Process Clause of the Fourteenth Amendment." Appellant urged the district court to consider the case of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), wherein the United States Supreme Court affirmed the United States District Court's decision granting habeas corpus relief to the petitioner and ordered the petitioner released unless the state either reinstated petitioner's appeal or retried him. Furthermore, appellant reasserted his reliance in the *Flores* case.

The hearing on the motion to alter or amend the judgment was held on November 26, 1990. After the hearing, the district court denied the motion and entered an order, dated November 28, 1990, denying appellant's second petition for post-conviction relief. An amended order to the same effect was dated December 6, 1990.

Appellant filed his notice of appeal on December 11, 1990. In his notice of appeal, appellant appealed "from the Order denying Petitioner's petition for post-conviction relief, entered in the above-entitled action on the 6th day of December, 1990," and "from a similar order entered in the same case dated November 5, 1990." The notice of appeal was filed "pursuant to Rule 11a, Idaho Appellate Rules."

## ANALYSIS

The issue on appeal is:

Is An Ineffective Assistance Of Counsel Claim, Which Arises From The Appeal Stage Of A Denial Of An Initial Petition For Post–Conviction Relief, A Proper Ground For Filing A Second Petition For Post–Conviction Relief?

■ The Uniform Post–Conviction Procedure Act, title 19, chapter 49, Idaho Code, provides that "[a]ny person who has been convicted of, or sentenced for, a crime" has six grounds upon which to file an application for post-conviction relief:

(1) that the *conviction or the sentence* was in violation of the Constitution of the United States or the Constitution or laws of this state;

(2) that the court was without jurisdiction to impose *sentence;*

(3) that the *sentence* exceeds the maximum authorized by law;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the *conviction or sentence* in the interest of justice;

(5) that his *sentence* has expired, his probation, or conditional release was unlawfully revoked by the court in which he was convicted, or that he is otherwise unlawfully held in custody or other restraint; or

(6) that the *conviction or sentence* is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy . . . .

I.C. § 19–4901(a) (emphasis added). All six of the grounds for relief specified in I.C. § 19–4901(a) go to a challenge to the *sentence* or the *conviction*. There is simply no ground for post-conviction relief that provides for a challenge to the effectiveness of counsel in the appeal stage from the first petition for post-conviction relief.

■ The issue on appeal has absolutely nothing to do with the constitutional right to counsel. Post-conviction proceedings are civil in nature. *Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986). The

constitutional right to counsel applies only in criminal actions. Idaho Const. art. 1, § 13; U.S. Const. amend. VI; *see Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), wherein the United States Supreme Court stated that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." We recognize that the Uniform Post–Conviction Procedure Act, at I.C. § 19–4904, provides for a statutory right to court-appointed counsel for those applicants who cannot pay court costs and expenses of representation. However, it is unnecessary for this Court to address appellant's due process argument because the issues raised in his second petition are not appropriate grounds for relief under I.C. § 19–4901(a), as they are not a challenge to the sentence or the conviction.

For the foregoing reasons, we hold that the Uniform Post–Conviction Procedure Act title 19, chapter 49, Idaho Code, does not afford relief to a person challenging the effectiveness of his or her counsel in the appellate stage of the denial of his or her first application for post-conviction relief. We therefore affirm the district court.

BAKES, C.J., and BISTLINE and JOHNSON, JJ., and REINHARDT, J., Pro Tem concur.