IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 33154

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | 2009 Opinion No. 42 |
| Plaintiff-Respondent, ) | |
| ) | Filed: June 2, 2009 |
| v. ) | |
| ) | Stephen W. Kenyon, Clerk |
| PHILIP ANDREW TURNEY, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentences for two counts of aggravated driving under the influence and enhancements for being a persistent violator, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

PERRY, Judge

Philip Andrew Turney appeals from his judgment of conviction and sentences for two counts of aggravated driving under the influence (DUI) and enhancements for being a persistent violator. Specifically, Turney contends that the state violated his right against double jeopardy by subjecting him to multiple criminal punishments for the same offense. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Two police officers, in separate patrol vehicles, were engaged in a DUI traffic stop of a vehicle when another vehicle driven by Turney then crashed violently into the stopped patrol vehicles causing serious injury to the two police officers. Turney was arrested at the scene with a blood alcohol content of .16. Turney was charged with two counts of aggravated DUI, I.C. § 18-8006, and sentence enhancements for being a persistent violator, I.C. § 19-2514. After a jury

trial, Turney was found guilty of both counts of aggravated DUI and being a persistent violator. The district court sentenced Turney to concurrent unified terms of life imprisonment, with minimum periods of confinement of fifteen years, for each count of aggravated DUI enhanced for being a persistent violator. Turney appeals.

## II.

## ANALYSIS

### A.    Double Jeopardy

Turney argues that the state violated his right against being placed in double jeopardy by penalizing him twice for a single act of DUI. The state responds that Turney did not properly preserve his double jeopardy defense by challenging any defect in the information prior to trial pursuant to I.C.R. 12(b).[1] Turney concedes that the issue was not raised below, but argues that it is well-established that subjecting a defendant to double jeopardy is fundamental error. We do not address the issue of waiver under Rule 12(b) and fundamental error. Even assuming that subjection to double jeopardy could in some circumstances constitute fundamental error, we hold that no error, and thus no fundamental error, is shown here.

Turney argues that he cannot be charged for injuries caused to multiple victims stemming from a single act of DUI. Turney relies primarily on *State v. Major*, 111 Idaho 410, 725 P.2d 115 (1986). In *Major*, the Idaho Supreme Court held that a charge of multiple counts of

---

[1]    Idaho Criminal Rule 12(b) provides, in pertinent part:

> Any defense objection or request which is capable of determination without trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:
>
> . . . .
>
> (2) Defenses and objections based on defects in the complaint, indictment or information (other than it fails to show jurisdiction of the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings); or
>
> . . . .
>
> (6) Motion to dismiss based upon former jeopardy.

As a penalty, subsection (f) provides, in pertinent part:

> Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, or at the time set by the court pursuant to subsection (d), or prior to any extension thereof made by the court, shall constitute waiver thereof . . . .

2

violating a statute is appropriate only where the *actus reus* prohibited by the statute--the gravamen of the offense--has been committed more than once. *Id.* at 415, 725 P.2d at 120; *see also Wilkoff v. Superior Court*, 696 P.2d 134, 137 (Cal. 1985). Therefore, Turney contends, if the *actus reus* of *driving* under the influence was only committed once, he could only have been charged with one count of aggravated DUI.

We conclude, however, that driving is not the *actus reus* of the offense defined in Idaho Code Section 18-8006(1). That statute provides that any "person causing great bodily harm, permanent disability or permanent disfigurement to any person other than himself in committing a violation of the provisions of section 18-8004(1)(a) or (1)(c), Idaho Code, is guilty of a felony." This Section provides for an offense which is separate and distinct from the crime of DUI and its penalties and enhancements in I.C. §§ 18-8004 and 18-8005. Idaho Code Section 18-8006 makes it a crime to cause great bodily harm to another person while in violation of I.C. § 18-8004. The *actus reus*, or gravamen, of the offense defined by I.C. § 18-8006 is the act of causing injury to another, not the act of driving under the influence. Therefore, when there are multiple victims that have received great bodily harm, multiple charges may appropriately be filed against the offender.

In the context of vehicular manslaughter, I.C. § 18-4006(3), this Court has held that multiple charges were appropriate when multiple deaths result from a defendant's single act of DUI. *State v. Lee*, 116 Idaho 515, 516-17, 777 P.2d 737, 738-39 (Ct. App. 1989). In *Lee*, the defendant was driving with a blood alcohol content of .19 when his truck entered the wrong side of the highway and struck another vehicle, killing both of its occupants. Lee was charged with two counts of vehicular manslaughter. Idaho Code Section 18-4006 provides:

> Manslaughter is the unlawful killing of a human being including, but not limited to, a human embryo or fetus, without malice. It is of three (3) kinds:
> . . . .
> 3.    Vehicular--in which the operation of a motor vehicle is a significant cause contributing to the death because of:
>
>     (a)    The commission of an unlawful act, not amounting to a felony, with gross negligence; or
>     (b)    The commission of a violation of section 18-8004 or 18-8006, Idaho Code; or
>     (c)    The commission of an unlawful act, not amounting to a felony, without gross negligence.

3

Lee argued that an act of driving that causes death constitutes a single offense, regardless of the number of deaths that result. This Court held:

> Lee's argument ignores the operative language of the statute that "[m]anslaughter is the unlawful killing of a human being. . . ." The rest of the statute simply describes the ways in which the crime of manslaughter may be committed. Read as a whole, the statute clearly and unambiguously indicates the legislature's intent to protect individual victims and to criminalize the unlawful killing of a human being. It necessarily follows that multiple deaths resulting from a single act of driving can be charged as separate offenses under the manslaughter statute.

*Lee*, 116 Idaho at 516, 777 P.2d at 738.

Similarly, in this case, I.C. § 18-8006 criminalizes causing great bodily harm, permanent disability, or permanent disfigurement to any person. As with I.C. § 18-4006, by enacting I.C. § 18-8006, the legislature sought to protect individual victims and criminalize the unlawful act of causing great bodily harm to another while driving under the influence. Accordingly, in this case, Turney was correctly charged with and punished for two violations of I.C. § 18-8006 and was not, as he contends, placed in double jeopardy for the commission of a single offense.

## B.     Excessive Sentences

Turney next argues that his concurrent unified sentences of life imprisonment, with minimum periods of confinement of fifteen years, for each count of aggravated DUI, enhanced for being a persistent violator, are excessive. Turney acknowledges that his sentences are within the statutory limits. However, he alleges that they are excessive under any view of the facts. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of

the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At the sentencing hearing, the district court recognized its discretion in imposing sentence upon Turney. The district court noted that Turney continued in his denial of being the driver of the car but that Turney and his story lacked any credibility. The district court considered the nature of the offense and the goal of protecting society. It found that aggravated DUI is a particularly heinous offense because of the risk of potential serious injury to innocent people. The district court also considered deterrence and the potential for rehabilitation. Two psychological evaluations that were conducted after one of Turney's prior offenses had concluded that he had problems with immaturity, poor interpersonal relationships, anger management, self-centeredness, impulsivity, recognizing authority, and minimizing criminal behavior. Turney's record also disclosed numerous treatment programs which had all failed to change Turney's behavior. Turney's record included an extensive criminal history over sixteen years, including nine felonies and numerous disciplinary reports while Turney was previously incarcerated. The district court determined that the state's recommendations of terms of fixed life imprisonment were not appropriate but that indeterminate terms of life imprisonment were necessary because Turney had never done well on probation or parole and needed supervision. Finally, the district court concluded that Turney had continually flaunted and broken the law at the risk of the public and was the prototypical persistent violator from whom the public needed protection.

Turney has repeatedly broken the law over many years. He has shown an inability to conform his conduct to lawful standards despite various programming and rehabilitation methods. The district court properly recognized its discretion and considered the sentencing factors relevant to its determination. Therefore, we conclude that the district court did not abuse its discretion by imposing concurrent unified sentences of life imprisonment, with minimum periods of confinement of fifteen years.

### III.

### CONCLUSION

Injuries to multiple victims resulting from a single act of DUI can be charged as separate offenses under the aggravated DUI statute, I.C. § 18-8006. Turney caused great bodily harm to two victims and, therefore, he was properly charged with multiple counts of aggravated DUI and was not twice placed in jeopardy for a single offense of DUI. Turney's sentences are not excessive. Accordingly, Turney's judgment of conviction and sentences for two counts of aggravated DUI, enhanced for being a persistent violator, are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**