# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38524

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 365 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 22, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OSA JERIMIAH McDONALD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Osa Jerimiah McDonald, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Osa Jerimiah McDonald appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence.

McDonald pleaded guilty to grand theft. On January 20, 2000, the district court imposed a unified ten-year sentence with three years fixed, but suspended execution of the sentence and placed McDonald on probation for ten years. Seven years later, after McDonald was found in violation of probation, the district court extended McDonald's probation through January 19, 2014. On November 5, 2010, after another probation violation, the district court revoked probation, reduced the fixed portion of the sentence to two years, and ordered the sentence executed. Thereafter, McDonald filed an Idaho Criminal Rule 35 motion to correct his sentence because it allegedly was illegal. The district court denied the motion, and McDonald appeals.

McDonald asserts that the time he spent on probation constituted service of his sentence of imprisonment, and therefore he had already fully served the sentence prior to the revocation of

1

his probation. He contends that his sentence began to run when it was pronounced on January 20, 2000, and with credit for time served, his "full term release date" expired on or about October 9, 2009.

A sentence is "illegal" within the meaning of Rule 35 only if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010); *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003); *State v. Lee*, 116 Idaho 515, 516, 777 P.2d 737, 738 (Ct. App. 1989). There are three relevant Idaho statutes here that directly contradict McDonald's assertions. First, Idaho Code § 18-309 provides:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence *and if thereafter*, during such term, *the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.*

(emphasis added). Similarly, Idaho Code § 20-209A provides:

> When a person is sentenced to the custody of the board of correction, his term of confinement begins from the day of his sentence. *A person who is sentenced may receive credit toward service of his sentence for time spent in physical custody* pending trial or sentencing, or appeal, if that detention was in connection with the offense for which the sentence was imposed. *The time during which the person is voluntarily absent from the penitentiary*, jail, facility under the control of the board of correction, or from the custody of an officer *after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced.*

(emphasis added). Finally, Idaho Code § 19-2603, addressing revocation of probation, provides:

> When the defendant is brought before the court in such case, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and *the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence*, but the time of the defendant's sentence shall count from the date of service of such bench warrant.

2

(emphasis added). These statutes clearly establish that periods when an individual is at liberty on probation must not be computed as part of the service of his term of imprisonment. Because McDonald was not imprisoned when he was on probation, his sentence of imprisonment was not being served at that time. *See Taylor v. State*, 145 Idaho 866, 869-70, 187 P.3d 1241, 1244-45 (Ct. App. 2008); *State v. Climer*, 127 Idaho 20, 22-24, 896 P.2d 346, 348-50 (Ct. App. 1995); *In re Chapa*, 115 Idaho 439, 442-43, 767 P.2d 282, 285-86 (Ct. App. 1989); *State v. Sutton*, 113 Idaho 832, 834, 748 P.2d 416, 418 (Ct. App. 1987).

McDonald also argues that the district court acted unlawfully when it extended his probationary period to fourteen years on January 16, 2008. He contends that this amounted to imposing a new sentence or increasing his sentence. This assertion is without merit. McDonald's underlying term of imprisonment, a unified sentence of ten years with three years fixed, did not change. Idaho Code § 20-222 provides that the period of probation may at any time be extended by the court, as long as the total period of probation does not exceed the maximum term of imprisonment for the underlying crime. McDonald's probation term was extended after he was found to be in violation of his probation conditions. When McDonald's sentence was imposed and suspended, and he was placed on probation, it was inherent within the probation order that there could be consequences for violation of the conditions of probation, including the possibility of an extension of the probation term pursuant to Idaho Code § 20-222. Thus, the extension of his probation term was not a new sentence, but was adjunct to his original probation terms and a consequence of violating them.

Similarly, the district court did not illegally "resentence" McDonald when it revoked his probation. The prospect that probation could be revoked for a violation of McDonald's probation terms was an inherent component of the sentence as originally imposed and suspended.

McDonald next asserts that he has been subjected to double jeopardy. The Double Jeopardy Clause of the United States Constitution specifies that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend V. This guarantee includes protection against multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). It is well established, however, that revocation of probation does not impose an additional punishment for the crime, for it involves only the enforcement of conditions already imposed in the original sentencing proceeding when probation was granted.

3

*Gibson v. Bennett*, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct. App. 2005). The United States Supreme Court has stated that "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980).

Finally, McDonald asserts that the district court's actions violated various provisions of the federal Sentencing Reform Act of 1984. These federal statutes address sentencing in federal courts for federal crimes; they have no application to state court proceedings for violation of state criminal laws.

McDonald's claim that the sentence he is serving is illegal is without merit. The district court's order denying the motion to correct an illegal sentence is therefore affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**