**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38669**

| | | |
|---|---|---|
| PHILIP A. TURNEY, | ) | 2012 Unpublished Opinion No. 547 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Philip A. Turney, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Phillip A. Turney appeals from the judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Turney was charged with two counts of aggravated driving under the influence (DUI) and being a persistent violator after crashing his taxi into a stationary police patrol car, causing the patrol car to collide with another patrol car. Two officers were severely injured. Turney's defense at trial was that he was not the driver of the taxi. The jury found him guilty as charged, and this Court affirmed the judgment of conviction and his sentence. *State v. Turney*, 147 Idaho 690, 214 P.3d 1169 (Ct. App. 2009).

Turney filed a timely petition for post-conviction relief, alleging, among other claims, the prosecutor committed error by relying on perjured testimony of one of the injured officers, who was later fired from the police force for unrelated misconduct, and ineffective assistance of his

1

trial counsel because trial counsel failed to interview or call to testify Travis Anderson, an arrestee who was in the back of one of the patrol cars at the time of the crash. After the State moved to dismiss the petition, Turney requested appointment of counsel. The district court denied the motion for appointment of counsel, finding Turney's claims were frivolous. Three weeks later, the court entered an order conditionally dismissing the petition, giving Turney twenty days to respond. Turney filed a response, including an affidavit and exhibits. The court summarily dismissed Turney's petition. Turney now appeals.

## II.

## ANALYSIS

Turney contends the district court erred in denying his request for appointment of post-conviction counsel because he presented sufficient evidence in regard to his claim that his trial counsel was ineffective for failing to interview an eyewitness to the incident. He also contends the district court erred in summarily dismissing his claim regarding the prosecution's use of allegedly perjured testimony of a police officer because he raised a genuine issue of material fact. We address both claims pursuant to the standard applicable to appointment of post-conviction counsel because, as the State points out, failure to present sufficient evidence to meet that standard will necessarily mean the petitioner failed to meet the higher standard necessary to survive summary dismissal. *See Gonzales v. State*, 151 Idaho 168, 174, 254 P.3d 69, 75 (Ct. App. 2011) (noting that failure to present evidence sufficient to warrant appointment of counsel "compels a conclusion that the [petition] did not raise a genuine issue of material fact").

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

2

In determining whether to appoint counsel pursuant to section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts raising the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

Turney's prosecutorial misconduct claim is based on his assertion that the State presented perjured testimony at trial--specifically, the testimony of one of the injured officers who identified Turney as the driver of the taxi. Turney argues there is "newly-discovered" evidence in that the officer was later terminated from the Boise Police Department for "conduct unbecoming an officer, violations of law and making inconsistent statements during an internal investigation" in an unrelated incident, which Turney argues raises doubts about the veracity of the officer's testimony at Turney's trial.

While Turney couches this as a prosecutorial misconduct claim, the substance of his assertion is that he is entitled to a new trial based on newly discovered evidence as to the officer's veracity. The request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict. *Whiteley v. State*, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998). Before a new trial can be granted, and irrespective of the form of the request, new evidence must satisfy the four-part test set forth in *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976):

> A motion based on newly discovered evidence must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

3

*Id*. at 691, 551 P.2d at 978.  Applying the *Drapeau* test, the district court concluded in its order denying appointment of counsel that Turney's claim could not meet the second prong that requires the new evidence to be material, not merely impeaching.  We agree--evidence as to the officer's veracity in a later, completely unrelated proceedings could only be used, if at all, for impeachment purposes.  Thus, even if Turney's assertions as to the officer's veracity are taken as true, these assertions would be insufficient to satisfy *Drapeau* and result in a new trial.  Accordingly, the district court did not err in concluding Turney presented no possibility of a claim in this regard.

Turney's claim that his trial counsel rendered ineffective assistance pertains to counsel's alleged failure to interview Anderson or call him to testify at trial.  To prevail on an ineffective assistance of counsel claim, the defendant must show the attorney's performance was deficient and the defendant was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Id.* at 761, 760 P.2d at 1177.  The failure of an attorney to properly investigate a case may constitute a deficiency in representation.  *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).  However, this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (1994).

In its order denying appointment of counsel, the district court found Turney did not support his claim with admissible evidence as to what Anderson would have testified to and, since the court was not required to accept mere conclusory allegations, unsupported by admissible evidence, concluded Turney failed to meet his burden to entitle him to appointment of counsel.  However, when considering a motion for appointment of counsel, the district court must do more than determine whether the petition alleges a valid claim; the court must also consider whether circumstances prevent the petitioner from making a more thorough investigation into the facts.  *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007).  An

4

indigent defendant who is incarcerated in the penitentiary would almost certainly be unable to conduct an investigation into facts not already contained in the court record. *Id*. Likewise, a pro se petitioner may be unable to present sufficient facts showing his or her counsel's performance was deficient or that such deficiency prejudiced the defense. *Id*. at 654-55, 152 P.3d at 15-16. Such a showing will often require the assistance of someone trained in the law. *Id*. at 655, 152 P.3d at 16. Therefore, the trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim. *Id*. The investigation by counsel may not produce evidence sufficient to survive a motion to dismiss, but the decision to appoint counsel and the decision on the merits of the petition if counsel is appointed are controlled by two different standards. *Id*.

Here, in response to the district court's order denying appointment of counsel, Turney averred that his efforts to obtain any affidavits, presumably including one from Anderson, or the cooperation of his trial counsel had been unsuccessful and, therefore, he could not provide the court with evidence the court had indicated was missing in its previous order. Certainly, as we have recognized in previous cases, Turney's ability to obtain admissible evidence as to what Anderson would have testified to would be severely hampered by the fact he was an indigent prisoner acting pro se. *See Swader*, 143 Idaho at 654, 152 P.3d at 15. There is no indication in the record that the district court took this into account when determining appointment of counsel was not required.

However, we affirm the district court's denial of Turney's motion for appointment of counsel because the record disproves his claim of ineffective assistance. During the trial, shortly after the State rested, the prosecutor and defense counsel engaged in a discussion with the district court regarding Anderson. The prosecutor stated as follows:

> I had anticipated Travis Anderson was going to be here this morning. He did not make our appointment. He had been called earlier during the trial and was very frustrated because he didn't get put on that day. I made the decision to go ahead without him and conclude the State's case, but after I made that decision my secretary handed me a subpoena that [defense counsel] had apparently at some point given our office to serve Mr. Anderson. I had never served him. He was very cooperative with the State, but the only contact means I had was his phone number. He has already complained vigorously to me that shortly after the accident someone was calling representing themselves to be related to the defendant and begging for assistance because the defendant has a child and

5

needed his help and he was very upset that someone had given them the number. . . . [H]e's been adamant that I'm not allowed to give that out. Other than the phone number, I don't know how to reach him. He has not responded to my investigator's calls at all today. I don't know an address for him. I just had the contact number and he did not appear as he said he would. I think frankly it is frustration because he was around the courthouse and had not been able to testify earlier. It cost him time from work. . . . He has simply not appeared. I have no means other than leaving messages to reach him . . . .

It was established that the State had received the subpoena from defense counsel approximately six days earlier, but the prosecutor was only made aware of it that day. The district court ordered the prosecutor to attempt to locate Anderson and serve the subpoena, to which the prosecutor agreed. Upon being asked if the course of action was satisfactory to him, defense counsel replied, "Well, Judge, as you may know from my previous representations to you, we have *tried to reach him before*." (Emphasis added). No further reference to Anderson was made on the record and he was not called to testify.

Thus, it is evident on the record that defense counsel had attempted to contact Anderson and went so far as to subpoena him during trial. To the extent Anderson could not be located, as represented by the prosecutor, this does not amount to deficient performance of counsel which, to merit relief, must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *State v. Beorchia*, 135 Idaho 875, 880, 26 P.3d 603, 608 (Ct. App. 2001).[1] Accordingly, the district court did not err in refusing to appoint counsel as to this claim.

## III.

## CONCLUSION

The district court did not err in refusing to appoint counsel as to Turney's claim regarding the injured officer's testimony because even if Turney's assertions as to the officer's veracity are taken as true, these assertions would be insufficient to entitle him to a new trial because they go solely to issues of credibility. We also affirm the district court's denial of counsel as to Turney's ineffective assistance of counsel claim because the record belies his assertion that counsel

---

[1] We also note, as discussed above, strategic decisions of counsel will not be second-guessed. Given that the prosecutor intended to present the testimony of Anderson at trial, but was thwarted only when Anderson did not show up, it is highly doubtful Anderson's testimony would have been helpful to Turney.

performed deficiently by failing to interview Anderson or call him to testify. Accordingly, the district court's judgment summarily dismissing Turney's post-conviction petition is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

7