955 P.2d 116

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gilbert FLORES, Defendant–Appellant.**

No. 23466.

Court of Appeals of Idaho.

Feb. 27, 1998.

Review Denied May 18, 1998.

---

John A. Olson, Twin Falls County Public Defender, Twin Falls, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Gilbert Flores pled guilty to one count of trafficking in marijuana, I.C. § 37–2732B(a)(1)(B). The court imposed a fixed sentence of fifteen years and prescribed a $20,000 fine. Flores appeals, asserting that both the sentence and fine imposed by the district court are excessive. For the reasons stated below, we modify the fixed portion of Flores' sentence but otherwise affirm his judgment of conviction and sentence.

■ The minimum penalty for trafficking in marijuana (5–25 pounds) is three years fixed with a $10,000 fine, while the maximum possible penalty is fifteen years fixed and a $50,000 fine. *See* I.C. §§ 37–2732B(a)(1)(B), (a)(1)(D). Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence is reasonable if at the time of imposition it appears necessary to achieve "the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ Flores pled guilty to and was sentenced for trafficking in marijuana. This offense was committed by Flores' possession of seventeen pounds of marijuana. Pursuant to I.C. §§ 37–2732B(a)(1)(B), (a)(1)(D), the possession of between five and twenty-five pounds of marijuana constitutes trafficking and is punishable by a sentence of at least three but not more than fifteen years' imprisonment. The district court sentenced Flores to a fifteen-year fixed sentence, the maximum penalty allowed by the statute. However, in accordance with subsection (a)(1)(C) of the same statute, had Flores been convicted of possessing twenty-five or more pounds of marijuana, the only possible increase in punishment he would be subject to would be a longer *minimum* period of confinement with no concomitant increase in the *maxi-*

mum *possible period of confinement, regardless of the amount involved.*

With full awareness of the seriousness of the instant offense and Flores' prior criminal record, including one prior felony conviction for manslaughter in 1977, the prosecutor recommended that Flores serve a unified sentence of fifteen years with ten years fixed. Despite this recommendation, and despite the fact that Flores had no prior convictions for trafficking, delivery or possession with the intent to deliver a controlled substance, the district court sentenced Flores to serve the absolute maximum sentence. After conducting an independent review of the record,[1] we conclude that a fixed fifteen-year sentence is unreasonable as the period of time necessary to punish Flores and protect society; and that the district court abused its discretion in imposing the maximum possible penalty for what is essentially an intermediate marijuana trafficking offense under the statute. Accordingly, we modify the fixed portion of Flores' sentence to ten years, followed by a five-year indeterminate term of confinement.

The judgment of conviction, fine [2] and sentence are otherwise affirmed.

LANSING, C.J., and PERRY, J., concur.

---

1. Flores had attended five years of college and worked as a plumber, electrician, welder and autobody repairman. At the time of the offense, Flores was disabled as a result of an industrial accident.

2. According to the State's expert testimony, the street value of the marijuana ranged anywhere from $13,600 to $25,500.