IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36873

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 615 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GILBERT FLORES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Gilbert Flores appeals from the district court's resolution of his motion to correct an illegal sentence. We affirm.

## I.

## FACTS AND PROCEDURE

The story behind this appeal begins in 1996, when Flores pleaded guilty to one count of trafficking in marijuana, Idaho Code § 37-2732B(a)(1)(B), in exchange for the State dismissing one count of trafficking in methamphetamine, former I.C. § 37-2732B(a)(3)(A). Magistrate Charles Brumbach, sitting as district judge pro tem, sentenced Flores to a fixed term of fifteen years in prison, the maximum sentence allowed by statute, and imposed a $20,000 fine. On appeal, the sentence was reduced to ten years determinate followed by five years indeterminate. *State v. Flores*, 131 Idaho 285, 287, 955 P.2d 116, 118 (Ct. App. 1998).

1

Since then, Flores has initiated numerous other appeals, only one of which has resulted in any further relief. *See Flores v. State*, Docket No. 25437 (Ct. App. July 14, 2000) (unpublished) (affirming district court's denial of motion for appointment of post-conviction counsel); *State v. Flores*, Docket No. 25702 (Ct. App. May 9, 2001) (unpublished) (affirming district court's denial of Flores's motion to withdraw guilty plea); *State v. Flores*, Docket No. 28514 (Ct. App. Oct. 9, 2002) (unpublished) (affirming district court's denial of Flores's motion for correction of sentence); *Flores v. State*, Docket No. 30386 (appeal of summary dismissal of petition for post-conviction relief; the Idaho Supreme Court granted Flores's motion to withdraw his appeal on June 22, 2004); *Flores v. State*, Docket No. 31767 (Ct. App. Mar. 2, 2006) (unpublished) (reversing dismissal of post-conviction action without notice).

Flores was paroled on January 30, 2006, but was arrested on February 21, 2007, for violation of terms of his parole. On June 15, 2007, the Commission adopted a hearing officer's recommendations and revoked Flores's parole. However, and contingent upon the absence of penitentiary infractions or misconduct, the Commission further granted Flores an open, tentative parole date effective as soon as Flores could prepare a satisfactory parole plan. Flores, for unknown reasons, was not released on parole and he remains incarcerated.

On July 7, 2008, Flores wrote to the district court referencing his criminal case and requesting a copy of a judgment of conviction referenced in the Commission's June 15 parole revocation minutes report. The hearing officer had written as part of his findings and recommendation that in addition to the Twin Falls County conviction and sentence for trafficking in marijuana:

> [a]t the same time [Flores] was sentenced in the same Court for a second conviction for Trafficking. He received a fifteen year fixed sentence on this case. This sentence was suspended and he was placed on five years probation to be served consecutively with the previous sentence.

The next day the district court clerk wrote to Flores that there was no such document, that the trafficking in methamphetamine charge had been dismissed, and that the only judgment of conviction in the file was for trafficking in marijuana. The clerk attached a copy of the judgment of conviction to the letter.

Unsatisfied, on July 16, 2008, Flores filed an Idaho Criminal Rule 35 motion to correct an illegal sentence. By his motion, Flores contended that he pleaded guilty to only one offense, trafficking in marijuana, that the trafficking in methamphetamine had been dismissed as part of

2

the plea bargain, that Twin Falls County had no record of a second conviction or sentence, and that "Judge Brumbach filed a second charge of his own accord."

On August 20, 2008, the district court, now Judge Randy Stoker,[1] "denied" the motion by written order. As had the district court clerk, the district court's order said that only one judgment of conviction existed, which was for trafficking in marijuana, that the trafficking in methamphetamine charge had been dismissed as part of the plea bargain, and that there was therefore no illegal sentence to correct. The district court forwarded a copy of its order to the Department of Correction.

Flores did not appeal, but he persevered. Flores wrote letters to the Commission and a prison counselor concerning the matter and was told that prison authorities had no copies of a second judgment of conviction. Convinced that Judge Brumbach, out of "bias and prejudice against him," had falsified a second judgment and sent it to the Commission, Flores wrote to the district court several times requesting an investigation and release from prison. He was repeatedly told the same thing he had been told before, that no second judgment of conviction existed. The district court judge personally reviewed the file twice to ensure that this was so. At the direction of the district court, this information was, at each request, forwarded to the Department of Correction.

Undeterred, on July 2, 2009, Flores filed another motion to correct an illegal sentence stating, among other things, that "defendant know (sic) that Magistrate Judge Charles P. Brumbach sent this information to the Commission." The district court denied the motion. Flores appeals.

A motion to correct an illegal sentence may be made at any time. I.C.R. 35. A sentence is "illegal" within the meaning of Rule 35 only if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003); *State v. Lee*, 116 Idaho 515, 516, 777 P.2d 737, 738 (Ct. App. 1989). Recently, the Idaho Supreme Court has interpreted the term narrowly as "a sentence that is illegal on the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). The Court further stated that

---

[1]     Judge Brumbach retired in late 2005.

"Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal . . . ." *Id.*

It is fundamental that to obtain relief under Rule 35, there must be an illegal sentence to correct. This Court has reviewed Flores's criminal case file and has found only one judgment of conviction for trafficking in marijuana. Flores may not use a Rule 35 motion as a vehicle to request or obtain an investigation of his unfounded and unsupported claims of improper action by Judge Brumbach. The district court did not err by denying Flores's frivolous motion and its order is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**